**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| | |
| **Gravitas NW, LLC,** | **Case No. 26-00199-ELG** |
| | |
| **Debtor.** | **Chapter 11** |

### U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel, moves this Court to dismiss this chapter 11 case.  In support of this motion the following representations are made:

1.      The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.      This is a core matter.  28 U.S.C. § 157(b)(2)(A).

3.      On April 22, 2026, Gravitas NW, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.      The Debtor at one time operated a fine dining establishment at 1401 Okie Street NE, Washington, D.C. (the "Premises").

5.      On April 22, 2026, Debtor's counsel was notified via e-mail of important information relating to this case including the guidelines and reporting requirements, and the deadline to provide financial information to the United States Trustee.

6.      On April 28, 2026, Debtor's counsel provided a partial set of documents via email to the U.S. Trustee.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

7.      As of the time of filing this Motion, the Debtor has failed to provide the other documents requested by the U.S. Trustee, including but not limited to copies of insurance policies, complete copies of pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts.

8.      On May 21, 2026, the U.S. Trustee commenced the Section 341 Meeting of Creditors (the "341 Meeting").

9.      At the 341 Meeting[1], the Debtor's representative, Matt Baker, testified that the Debtor has not been operating since late December of 2025 or early January 2026, when the District of Columbia seized the Premises and the Debtor's assets for the Debtor's failure to pay sales and use taxes.[2]

10.     The Debtor is not currently generating any revenue.

11.     The Debtor is not currently in possession of any of its assets.

12.     The Debtor has not, to date, taken any steps in connection with this bankruptcy filing to regain possession of the Premises or its assets.

13.     At the 341 meeting of creditors, counsel to the U.S. Trustee pointed out certain deficiencies with the Debtor's statements and schedules.

14.     For example, on the initial schedules filed with the Court, schedule E/F lists an unsecured claim for "unpaid staff/wage claim" in the total amount of $94,156.11, $17,150.00 of which would be entitled to priority. It is not clear who those unpaid wage claims are for and whether the employees of the Debtor have received notice of the bankruptcy filing.

---

[1] The 341 Meeting was continued to July 16, 2026 at 2:00 p.m.

[2] The District of Columbia filed its proof of claim on May 29, 2026 in the amount of $511,503.32. *See* Claim No. 4-1.

15.     Prior to filing, the Debtor had 20 employees and Mr. Baker testified that there were outstanding amounts due on payroll as of the Petition Date.

16.     The Debtor amended its schedules E/F on June 16, 2026 which listed various employee wage claims as unsecured. Doc. No. 22.  At this time it is unclear from the Schedules if any of the employees have priority wage claims.

17.     As another example, the Statement of Financial Affairs does not disclose any transfers that benefited any insider, notwithstanding multiple transfers to, at least, 101 Hospitality LLC (the majority member of the Debtor) and Mr. Baker.[3]

18.     To date, this deficiency has not been corrected.

19.     The Debtor was approximately six (6) months behind in its monthly rent pre-petition and has not been making payments to the landlord post-petition.

20.     The Debtor has not filed its April 2026 monthly operating report.

## **Argument**

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate.  11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4).

Section 1112(b)(4)(A) provides that cause includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation". Although there does not appear to be binding precedent in this court, many courts have generally held that this subsection requires the movant establish a two-prong showing:

---

[3] The Statement of Financial Affairs contains numerous glaring deficiencies that contradict Mr. Baker's 341 Meeting testimony. To date, none of requested amendments have been remedied.

(1) whether after the commencement of the case, the debtor has suffered or continued to experience a negative cash flow, or alternatively, declining asset value; and (2) whether there is any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's business enterprise back on a solid financial footing within a reasonable amount of time. *Andover Covered Bridge, LLC v. Harrington (In re Andover Covered Bridge, LLC)*, 553 B.R. 162, 174 (B.A.P. 1st Cir. 2016) (quoting *In re Franco*, No. 10-09758 (ESL), 2012 WL 3071242, at *3, 2012 Bankr. LEXIS 3254, at *7 (Bankr. D.P.R. July 27, 2012)).

*In re Herb Philipson's Army*, No. 18-61376 (DD), 2019 WL 11031654, at *6 (Bankr. N.D.N.Y. Dec. 19, 2019). With respect to the first prong, courts have held that it is easily satisfied in a context where the debtor is not operating. *See id.* ("Debtor has no income and even a modest increase in liabilities satisfies the first prong."). The Debtor has testified at the 341 Meeting that it is not able to pay ongoing operating expenses as it is not generating any revenue. Mr. Baker further testified that the Debtor has been incurring significant administrative expense claims including post-petition rent. The first prong will be satisfied because "any negative cash flow–including that resulting from only administrative expenses–effectively comes straight from the pockets of the creditors." *Loop Corp. v. United States Tr.*, 379 F.3d 511, (8th Cir. 2004).

With respect to the second prong of Section 1112(b)(4)(A), "rehabilitation means to put back in good condition and reestablish on a sound basis, and implies establishing a cash flow from which its current obligations can be met." *In re Silverberg,* No. 8-25-73436-LAS, 2026 WL 994441, at *8 (Bankr. E.D.N.Y. Apr. 13, 2026) quoting, *Plasterer v. US Bank Tr. Nat'l Ass'n for VRMTG*, 2:23-cv-6151 (NJC), 2025 WL 101612, at *6 (E.D.N.Y. Jan. 14, 2025) (citations omitted). Further, according to Collier on Bankruptcy:

> While a debtor who acts diligently and who possesses reasonable prospects should be afforded a fair opportunity to reorganize, the debtor's opportunity must be balanced against the protection of the creditors' interests and the needs of the chapter 11 system as a whole. Visionary schemes that entail risk to creditors

4

without any reasonable probability of success usually warrant prompt conversion to chapter 7.

7 Collier on Bankruptcy ¶ 1112.04 (16th ed. updated 2026) (citations omitted). "Courts have held that a reasonable likelihood of rehabilitation is absent when (1) there are no sources offering to lend essential capital to the debtor; (2) the debtor is generating no profits and the reorganization depends upon speculative outcomes; or (3) the debtor lacks a reasonably certain source of income." *Silverberg* at *8 quoting *In re Los Trece Texas, LLC*, No. 24-10768-smr, 2025 WL 2793109, at *10 (Bankr. W.D. Tex. Sept. 30, 2025) (citations omitted).

Here, the Court can easily determine that there is an absence of reasonable likelihood of rehabilitation. The Debtor is almost two months into this case and there does not appear to be any source offering to lend capital to the debtor. The Debtor is not and has not generated any revenue for months (both pre- and post-petition) yet is continuing to accrue post-petition rent obligations (among other post-petition obligations). Finally, the Debtor is not in possession of the Premises or any of its assets. In fact, the District of Columbia seized the Premises and assets months before the filing. The only hope the Debtor has to reorganize hinges on its ability to negotiate with the District of Columbia for the release of the Premises and its assets so that it may reopen---its ability to do so is speculative. It is equally speculative as to whether the Debtor's landlord will permit the Debtor to remain in the space when there are significant pre- and post-petition arrearages owed to it. Moreover, and importantly, the Debtor has not taken <u>any</u> steps in this case to obtain possession of the Premises or its assets and it is unclear what path, if any, there is to reorganization in this case, let along rehabilitation. Taken together, the Debtor lacks a reasonably certain source of income and there is no reasonable likelihood of rehabilitation. For these reasons, cause exists to dismiss this case pursuant to Section 1112(b)(4)(A).

5

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has failed to file the monthly operating report for April 2026, and the May 2026 report will come due on June 21, 2026. Failure to file operating reports is grounds for conversion or dismissal of the case.

Finally, under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee." As of the date and time of filing this Motion, the U.S. Trustee has not received various documents requested by the U.S. Trustee, including but not limited to copies of insurance policies, pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts. Additionally, the Debtor has failed to cure the glaring deficiencies in its Statements and Schedules. Failure to provide such basic information constitutes cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re*

*Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case.

June 17, 2026                                        MATTHEW W. CHENEY
                                                     ACTING U.S. TRUSTEE, REGION 4

                                                     By:  */s/ Kristen S. Eustis*
                                                     Kristen S. Eustis, Trial Attorney
                                                     Federal Bar No. MD28984
                                                     Office of the United States Trustee
                                                     1725 Duke St., Suite 650
                                                     Alexandria, VA 22314
                                                     (703) 557-7227- Direct Dial
                                                     Kristen.S.Eustis@usdoj.gov

## Certificate of Service

I hereby certify that on June 17, 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Eric Waldman ewaldman@cirlaw.com,
rtorres@cirlaw.com;ecameron@cirlaw.com;bloveless@cirlaw.com

Charles Earl Walton cwalton@cwaltonlaw.com,
mhall@cwaltonlaw.com;waltoncr91773@notify.bestcase.com

I further certify that on June 17, 2026, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and the Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| Gravitas NW, LLC<br>300 Morse Street, NE, #1201<br>Washington, DC 20002 | Adams Burch<br>1901 Stanford Court<br>Hyattsville, MD 20785 |
| Alsco Uniforms<br>4900 Philadelphia Way<br>Lanham, MD 20706 | AP DC Tomato's LLC<br>4795 Meadow Wood Lane Suite 100E<br>Chantilly, VA 20151 |
| D.C. Office of Tax and Revenue<br>1101 4th Street, S.W. West<br>Washington, DC 20024 | DC Office of Tax and Revenue<br>1101 4th Street, S.W.<br>7th Floor<br>Washington, DC 20024 |
| Huntsman Specialty Game<br>8208 Cinder Bed Road, #E<br>Lorton, VA 22079 | National Funding<br>4380 LaJolla Village Drive, Ste. 300<br>San Diego, CA 92122 |
| PEPCO<br>701 9th ST. NW<br>Washington, DC 20068 | Profish Oceanpro<br>1900 Fenwick Street, NE<br>Washington, DC 20002 |
| The Chef's Warehouse<br>100 East Ridge Road<br>Ridgefield, CT 06877 | Washington Gas<br>6801 Industrial Drive<br>Springfield, VA 22151 |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist

8