**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| **GRAVITAS NW LLC,** | **Case No.: 26-00199-ELG** |
| **Debtor.** | |
| | **Chapter 11** |

**DEBTOR'S EMERGENCY MOTION FOR TURNOVER OF PROPERTY OF THE
ESTATE, FOR ACCESS TO PREMISES, AND FOR RELATED RELIEF**

Gravitas NW LLC (the "Debtor"), by and through undersigned counsel, respectfully moves this Court for entry of an order directing the District of Columbia Office of Tax and Revenue ("OTR") and any other parties in possession, custody, or control of the Debtor's property to (i) immediately turn over property of the estate, (ii) provide the Debtor access to its premises to identify and retrieve its property, and (iii) grant such other and further relief as is just and proper. In support thereof, the Debtor states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including matters concerning administration of the estate and turnover of property.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On or about April 22, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. Prior to the Petition Date, OTR seized certain personal property of the Debtor, including but not limited to furniture, fixtures, equipment, inventory, and other operational assets (collectively, the "Property"), in connection with alleged tax liabilities.

7. Upon information and belief, OTR subsequently conducted or attempted to conduct an auction of such Property.

   1. The Debtor has reason to believe that:

   a. Certain Property remains in the possession or control of OTR or its agents;

   b. Certain Property may have been transferred to third parties;

   c. Certain Property was damaged, destroyed, or improperly handled while in OTR's custody, including consumable inventory.

8. The Property constitutes critical operating assets necessary for the Debtor's reorganization and ongoing business operations.

## PROPERTY OF THE ESTATE

10. Pursuant to 11 U.S.C. § 541, all legal and equitable interests of the Debtor in property as of the commencement of the case constitute property of the estate.

11. The Property seized by OTR constitutes property of the estate.

## TURNOVER REQUIREMENTS

12. Under 11 U.S.C. § 542(a), any entity in possession, custody, or control of property that the trustee (or debtor-in-possession) may use, sell, or lease under § 363 must deliver such property to the estate.

13. To the extent OTR or any custodian transferred property prepetition, such party must account for the disposition and deliver any proceeds thereof.

14. Additionally, to the extent OTR qualifies as a "custodian" under 11 U.S.C. § 101(11), it is obligated under § 543 to deliver property of the estate and provide an accounting.

## VIOLATION OF AUTOMATIC STAY (IF APPLICABLE)

15. To the extent any auction, transfer, or disposition of the Property occurred after the Petition Date, such actions may constitute violations of the automatic stay under 11 U.S.C. § 362.

## NEED FOR IMMEDIATE RELIEF

16. The Debtor requires immediate access to the premises where the Property was stored or seized in order to:

    a. Identify remaining assets;

    b. Inventory and assess condition;

    c. Retrieve recoverable Property;

17. Without such access and turnover, the Debtor will suffer immediate and irreparable harm, including impairment of its ability to reorganize.

## RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

A. Directing OTR and any other entity in possession, custody, or control of the Property to immediately turn over such Property to the Debtor;

B. Directing OTR to provide a full accounting of all Property seized, transferred, sold, or otherwise disposed of;

C. Authorizing the Debtor immediate access to the premises where the Property is or was located for purposes of inspection and retrieval;

D. Directing turnover of any proceeds from the sale or disposition of the Property;

E. Granting such other and further relief as the Court deems just and proper.

**REQUEST FOR EXPEDITED HEARING**

Given the ongoing harm to the Debtor's operations, the Debtor respectfully requests that the Court schedule this Motion for an expedited hearing.

Respectfully submitted,

**WALTON LAW GROUP, LLC**

/s/ Charles E. Walton
**Charles E. Walton, Esq.**
Bar No. 474873
10905 Fort Washington Road, Suite 201
Fort Washington, Maryland 20744
(301) 292-8357
cwalton@cwaltonlaw.com
Counsel for Debtor