**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

**In re:**


**GRAVITAS NW, LLC,**


              Debtor.                          Chapter 11
                                                      Case No. 26-00199


**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO ENTER INTO A RESTRUCTURING SUPPORT AND EQUITY COMMITMENT AGREEMENT AND APPROVING THE AGREEMENT**

Gravitas NW, LLC (the "Debtor"), as debtor and debtor-in-possession by Counsel in the above-captioned Chapter 11 case, by and through its undersigned counsel, respectfully moves this Court for entry of an Order authorizing the Debtor to enter into that certain Restructuring Support and Equity Commitment Agreement dated July 3, 2026 (the "Agreement"), among the Debtor, 101 Hospitality, LLC, and Meraki Hospitality, LLC, and approving the Agreement. In support thereof, the Debtor states as follows:

1. This Court has jurisdiction over this matter..

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court.

4. The statutory predicates for the relief requested herein include 11 U.S.C. §§ 105(a), 363(b), 365, 1107(a), and Rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure.

5. The Debtor is the debtor-in-possession in this Chapter 11 proceeding and continues to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. Prior to the commencement of this Chapter 11 case, the Debtor operated the restaurant known as Gravitas.

7. Since the filing of this case, the Debtor has actively pursued opportunities to maximize value for creditors through a reorganization rather than liquidation.

8. The Debtor has negotiated a Restructuring Support and Equity Commitment Agreement with 101 Hospitality, LLC and Meraki Hospitality, LLC, pursuant to which Meraki has agreed to provide new equity capital and assume an active ownership and management role in the reorganized business.

9. The proposed Agreement forms an integral component of the Debtor's anticipated Chapter 11 Plan of Reorganization and is intended to preserve the going-concern value of the business.

10. As part of the restructuring process, the landlord has agreed to permit the Debtor and Meraki Hospitality reasonable access to and use of the leased premises for purposes of evaluating, preparing, transitioning, and restructuring the business operations.

11. Such access includes inspection of the premises, inventory review, equipment evaluation, planning for reopening, operational assessments, employee training, installation of equipment, and other commercially reasonable activities necessary to facilitate implementation of the restructuring.

12. The landlord's cooperation is an essential element of the proposed restructuring and substantially enhances the likelihood of a successful reorganization.

13. The Debtor believes that the landlord's willingness to cooperate will preserve the value of the estate, reduce administrative expenses, and maximize recoveries for creditors.

14. Approval of the Agreement represents a sound exercise of the Debtor's business judgment.

15. The proposed transaction will Preserve the going-concern value of the Debtor,  Facilitate confirmation of a feasible Chapter 11 Plan, provide new equity financing for the reorganized debtor, preserve employment opportunities, maximize distributions to creditors compared to liquidation and preserve the landlord-tenant relationship while allowing continued productive use of the leased premises.

16. Courts routinely approve transactions where the debtor demonstrates a valid business justification and where the proposed transaction benefits the bankruptcy estate.

17. The Debtor submits that the proposed Agreement satisfies the sound business judgment standard and is in the best interests of the estate and all creditors.

18. The Debtor requests authority to execute, perform, and be bound by the Restructuring Support and Equity Commitment Agreement attached hereto as **Exhibit A**.

19. The Debtor further requests approval of all provisions of the Agreement necessary to effectuate the contemplated restructuring, including Meraki Hospitality's equity commitment, cooperation among the Parties in pursuing confirmation of a Chapter 11 Plan, the landlord's consent to permit reasonable access to the leased premises for restructuring, due diligence, operational planning, and transition activities,  the Parties' obligations to negotiate and implement the restructuring in good faith, and such additional provisions as are reasonably necessary to consummate the restructuring.

20. The Debtor submits that approval of the Agreement is a proper exercise of this Court's authority.

21. Notice of this Motion has been provided to the Office of the United States Trustee, all parties requesting notice, all secured creditors, the landlord, and all parties otherwise entitled to notice under the Bankruptcy Code and applicable rules.

22. The Debtor submits that no further notice is required.

Wherefore, the Debtor respectfully requests that this Court enter an Order:

A. Authorizing the Debtor to enter into and perform under the Restructuring Support and Equity Commitment Agreement;

B. Approving the Agreement as a proper exercise of the Debtor's business judgment;

C. Authorizing the landlord to permit the Debtor, Meraki Hospitality, and their representatives reasonable access to the leased premises for purposes of implementing the restructuring contemplated by the Agreement;

D. Authorizing the Debtor to take all actions necessary to perform its obligations under the Agreement;

E. Finding that approval of the Agreement is in the best interests of the estate and its creditors; and

F. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**WALTON LAW GROUP, PLLC**

/s/ Charles E. Walton
Charles Walton, Esq.
Counsel for Debtor
10905 Fort Washington Road Ste 201
Fort Washington, MD 20744
301-292-8357
cwalton@cwaltonlaw.com